# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **CLYDE RAY HALE,** | ) |
| Plaintiff, | ) Case No. 1:22CV00038 |
| v. | ) **OPINION AND ORDER** |
| **MARTIN J. O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,** | ) JUDGE JAMES P. JONES |
| Defendant. | ) |

*Hugh F. O'Donnell*, Norton, Virginia, for Plaintiff; *James A. McTigue, Special Assistant United States Attorney*, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Defendant.

In this social security disability case, I will accept the Report and Recommendation of the magistrate judge.

## I.

The plaintiff, Clyde Ray Hale, challenges the final decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits under the Social Security Act (the Act). This action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings and submit a Report and Recommendation (Report). 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Judge Sargent filed her report on March 6, 2024, and recommended that the court deny Hale's motion for summary judgment, grant

the Commissioner's motion for summary judgment, and affirm the Commissioner's decision denying benefits.

On March 19, 2024, Wallace filed objections to the Report.

II.

I must make a de novo determination of those portions of the Report to which the plaintiff objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Under the Act, the court must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). In evaluating the Commissioner's findings, the court does not reweigh the evidence or make credibility determinations because those functions are left to the administrative law judge (ALJ). *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Id.* (citation omitted).

[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). If such

evidence exists, then the inquiry ends, and the Commissioner's final decision must be affirmed. *Id.* Alternatively, if substantial evidence to support the Commissioner's decision is not found or the decision was not reached through application of the correct legal standard, I must vacate the decision. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

The plaintiff has the burden of showing that a "medically determinable physical or mental impairment" exists and has persisted for at least 12 months. 42 U.S.C. § 423(d)(1)(A). He must show that his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C.A. §§ 423(d)(2)(A), 1382c(a)(3)(B). In assessing disability claims, the Commissioner applies a five-step sequential evaluation process. The claimant bears the burden of proving the first four steps and then the burden shifts to the Commissioner for the fifth step. 20 C.F.R. § 404.1520(a)(4)(i)–(v). The Commissioner considers whether the claimant: (1) has worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to past relevant work; and (5) if not, whether he could perform other work present in the national economy. *Id.*

III.

Hale applied for disability insurance benefits (DIB) and supplemental security income (SSI) on May 7, 2015, alleging disability as of January 1, 2012, based on chronic obstructive pulmonary obstructive disease; chest pain; arthritis in the hands, neck, arms and shoulders; carpal tunnel syndrome; swelling of the right knee; insomnia; depression; hearing loss in the left ear; color blindness; and dyslexia. Admin R. ALJ Dec. 243–47, 274, ECF No. 13-1. After being denied disability insurance benefits in 2018, Hale sought review in this court. Following a Report and Recommendation by Judge Sargent, *Hale v. Saul*, No. 1:19cv00012, 2020 WL 3108035 (W.D. Va. Apr. 28, 2020), I remanded the case to the Commissioner for further proceedings. In a second decision dated October 3, 2022, a new ALJ, after receiving additional evidence, denied Hale's claims and found that Hale was not under a disability as defined by the Act prior to February 26, 2018, and was therefore not eligible for DIB or SSI benefits. ALJ Dec. at 558. The ALJ concluded that prior to February 26, 2018, Hale could perform light work, with certain procedural and environmental limitations, as a machine feeder, line attendant, or product sorter. *Id.* at 557. In her report, the magistrate judge concluded that the ALJ's finding that Hale was not illiterate was not supported by substantial evidence. Report 30, ECF No. 27. However, the magistrate judge found that this error was harmless because a finding of illiteracy would not have resulted in a different conclusion as to Hale's

disability and because the vocational experts' testimony was based on hypotheticals that precluded any work requirement for reading and writing. *Id.*

In his objection, Hale takes issue with the use of the harmless error standard and how the ALJ posed a hypothetical question to vocational expert Bierley. Obj., ECF No. 30. First, he argues that the harmless error standard is not "routine" in the Fourth Circuit as the word "routinely" does not appear in the case cited by the magistrate judge, *Patterson v. Comm'r*, 846 F.3d 656 (4th Cir. 2017), and because the Report also cites from a Seventh Circuit decision rather than the Fourth Circuit. I find that the harmless error standard was appropriately applied to the ALJ's finding that Hale was not illiterate and that the ALJ's error was harmless. Harmless error is well-established in the Fourth Circuit. *Spencer v. Chater*, 76 F.3d 375, 1996 WL 36907, at *1 (4th Cir. 1996) (unpublished); *Treadway v. Dir., Off. of Workers' Comp. Programs, U.S. Dep't of Lab.*, 977 F.2d 574, 1992 WL 301947, at *1 (4th Cir. 1992) (unpublished); *Patterson v. Comm'r*, 846 F.3d 656.

"Errors are harmless in social security cases when it is inconceivable that a different administrative conclusion would have been reached absent the error." *Kersey v. Astrue*, 614 F. Supp. 2d 679, 696 (W.D. Va. 2009). As stated in the Report, a finding of illiteracy would not direct a disability finding under the Grids. Report 30, ECF No. 27. Illiteracy only results in a finding of disability for an individual closely approaching advanced age who can perform light work if they have no past

work or unskilled past work. 20 C.F.R. Part 404 Subpt. P, App. 2, Rule 202.09 (2023). A vocational expert testified that Hale's past work as an excavator operator was skilled. ALJ Dec. 554, ECF No. 13-1. Additionally, the ALJ's hypotheticals to vocational experts included limitations to jobs that required no reading or writing. *Id.* at 571–572, 609–610. Therefore, the vocational experts' testimony constituted substantial evidence that the ALJ was entitled to use in his disability finding. *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989) (stating that in order for a vocational expert's opinion to be relevant or helpful, it must be in response to proper hypothetical questions which fairly set out all of the claimant's impairments).

Second, Hale argues that the ALJ failed to clarify what he meant by Hale's "limitation on reading and writing" in speaking with vocational expert Bierley. Obj. 12–13, ECF No. 30. I find that the ALJ properly posed the hypothetical. The ALJ included a detailed description of Hale and specified that "[t]he individual should have no reading or writing requirements . . . instructions and training can be provided either orally or by demonstration." ALJ Dec. 571, ECF No. 13.-1. As the question fairly set out Hale's impairment, the ALJ could rely on Bierley's testimony that Hale could perform a significant number of jobs in the national economy. Testimony from both vocational experts constituted substantial evidence.

Accordingly, it is **ORDERED** as follows:

1. The plaintiff's objections, ECF No. 30 are DENIED;

2. The magistrate judge's Report and Recommendation, ECF No. 27, is fully ACCEPTED;

3. The plaintiff's Motion for Summary Judgment, ECF No. 22, is DENIED; and

4. A separate final judgment will be entered herewith.

ENTER: March 28, 2024

/s/ JAMES P. JONES
Senior United States District Judge